
RECEIVED
Mail Room

JUL 2 3 2018

United States Court of Appeals
District of Columbia Circuit

UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

---

RODNEY REEP
　　Plaintiff


v.                                    No. 18-5132


UNITED STATES DEPARTMENT
OF JUSTICE, et. al
　　Defendants

---

### DISPOSITIVE MOTION TO WHICH THERE IS GENUINE DISPUTE


#### FOIA ISSUE REMAINING FOR RESOLUTION BY THE COURT

I). I Rodney Reep, the Declarant, do hereby declare under the penalty of perjury that the hereinafter statements are true and correct to the best of my knowledge.

II). This cases arises under the Freedom of Information (FOIA), 5 U.S.C. §552, and pertains to the request of Declarant for records maintained by Defendants: Executive Office for the United States Attorneys ("EOUSA"), Federal Bureau of Investigation ("FBI"), United

States Drug Enforcement Agency ("DEA"), and Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF"), which are all subcomponents of the United States Department of Justice ("DOJ").

1). Complaint against FBI, DEA, and EOUSA is not barred by the Statute of Limitation. Plaintiff exhaustion of such administrative remedies is required under the Freedom of Information Act before a party can seek judicial review. Stebbins v. Nationwide Mutual Insurance Co., 244 U.S. App. D.C. 289, 757 F.2d 364 (D.C. 1985).

1a). Federal Bureau of Investigaton.

F.B.I. claim the Plaintiff was barred because Plaintiff had six years from June 8, 2009 or until June 8, 2015, in which to file a FOIA action in Federal Court. Plaintiff did not file his complaint until June 23, 2016, more than one year after expiration period. The correspondence letter was September 28, 2010, received from Office of Information Policy Appeal No. 2010-2181, request No. 1128002-001 where the Defendant stated "If you are dissatisfied with my actions on your appeal, you may file a lawsuit in accordance with 5 U.S.C. §552(a)(4)(B)". (See Exhibit A).

1b). Drug enforcement Agency

D.E.A. claim the Plantiff was time barred because Plaintiff had until January 29, 2016, six years after the right of action accrued to fil a FOIA lawsuit against DEA. Plaintiff filed this action on June 23, 2016, more than four months after the expiration period.

The Plaintiff filed a second FOIA request on June 21, 2010 (Case no. 10-00888-P). The last correspondence letter was may 12, 2011 (See Exhibit B).

1c). Executive Office for United States Attorney

EOUSA claim the Plaintiff was time barred because Plaintiff had six years from  May 7, 2010 in which to file a FOIA action against DOJ and EOUSA, in Federal  Court. Plaintiff did not file his complaint until June 23, 2016, more than one year after  the expiration period. The last correspondence was May 06, 2010, Appeal No. 10-0166. As part of the 2007 FOIA amendments, the Office of Government Information Service agencies as a non-exclusive alternative to litigation. §303. 12(b) and §9901.7 appeals (c) (See Exhibit C).

2). National Archives and Records Administration

Office of Government Information Service (OGIS) and Plaintiff had ongoing continued litigations dating April 30, 2010, case No. 10-0166. OGIS has been committed to providing mediator services as part of the 2007 FOIA amendments. (See Exhibit D).

3). The Defendant failed to keep an accurate accounting of Documents.

Plaintiff alleges that the DEA, ATF, and USAO failed to keep an accurate accounting of disclosure they had made during their investigation of Plaintiff.

4). Plaintiff asserts that jurisdiction is conferred on this Court by 5 U.S.C. §§701-706 (Administrative Procedure Act)

The APA provides that a "person suffering legal wrong because of agency action, or adversely affected by agency action within the meaning of a relevant statute" is entitled to judicial review of such a claim. 5 U.S.C. §§ 702 and 706. "In making the forgoing determinations, the court shall review the whole record...".

5). Plaintiff argues that defendant's searches were inadequate.

The defendant failed to complete the required searches, to conduct a thorough search to comply with FOIA. See Olesby v. U.S. of the Army, 268 U.S. App. D.C. 126, 920 F. 2d 57, 68 (D.C. Cir.). The Defendant failed to fulfill their obligations under the FOIA to uncover all relevant documents. The defendant explained in detail, setting forth the search terms they used and the type of methods; "N-force" and the TREASURY ENFORCEMENT COMMUNICATION SYSTEM ("TECS"), NATIONAL CRIME INFORMATION CENTER (NCIC) and NATIONAL LAW ENFORCEMENT TELECOMMUNICATION SYSTEMS (NLETS). The search performed in order to discover the material. After search performed it was inadequate due to Plaintiff did not receive the requested date in which the Grand Jury convene for original indictment and date the Grand Jury issued that superceded the indictment (quoting Truitt v. Dept. of State, 282 U.S. App. D.C. 86, 897 F.2d 540, 542 (D.C. Cir. 1990)), the agency "must make a good faith effort to conduct a search for the resquested record, using methods which can be reasonably expected to produce the information requested. Petitioner contends that each defendants search and disclosure, or look thereof if the documents and/or records requested amounted to be deemed adequate, because when appealed to the "OIP", their response was to remand back to

USCA Case #18-5132    Document #1742415    Filed: 07/23/2018    Page 4 of 26

the ALCOHOL, TOBACOO, FIREARMS (ATF) the initial request for the search and disclosure of non-exempt documents and records.

      6). Plaintiff requesting information pertaining to the follow-
          ing dates.

Defendant released some dates in the January 31, 2017 package of records including, dates for the public voucher, dates for advance of funds and date for [ROI] [Report of Investigation] partially. Withhold dates included [ROE] Reports of Expenditures, Request for advance of Funds, Application and Public Voucher for Reward and date in which the Grand Jury convened for original indictments returned against Plaintiff in the case of <u>United States v. Rodney Reep</u>, Case No. 2:02-CR-52; date for the Grand Jury issued a superceding indict-ment; the date the second indictment was resubmitted to the Grand Jury in <u>United States v. Rodney Reep</u>, Case No. 2:02-CR-217. Certain documents released by the ATF, USAO, and the DEA to Plaintiff con-sisted of redacted information, specifically dates that cannot rea-sonably fall within the perimeters of any exemptions.

Unless the government can demostrate the disclosure of the Grand Jury's meeting date and the Grand Jury convened would tend to reveal the inner workings of the Grand Jury investigation, that date is not exempt from disclosure under the FOIA's third exemption. See <u>Lopez v. dept. of Justice</u>, 393 F.3d 1345, 346 U.S. App. D.C. 274 (2005 U.S. App.).

      7). Defendant exemption under 552(b)97)(D) must establish that
          the particular source spoke with the understanding that the
          communication would remain confidential.

Exemption 7(D) of the freedom of Information Acts protects re-cords or information complied for law enforcement purposes, but only

to the extent that the production of such law enforcement records or information could reasonably be expected to disclose the identity of a confidential source. 5 U.S.C. §552(b)(7). A source counts as confidential if the source provided information under an express assurance of confidentiality or in circumstances from which such an assurance could reasonably be inferred.

If an agency attempts to withhold information under the Exemption(b)(7)(D)-1 claiming express assurances of confidentiality, "the agency is required to come forward with probative evidence that the souce did in fact receive an express grant of confidentiality." Davin, 60 F.3d at 1601. Such evidence may take many forms, such as notations on the face of the withheld account.

8). Defendant referred documents to other agencies.

Plaintiff objects to the treatment of documents the EOUSA subsequently referred to the ATF and the FBI for final disposition, rather than releasing them or citing exemptions directly.

The EOUSA should not simply refer documents to the other agencies as a matter of course, but must show that the procedure is reasonable under the circumstances, rather than engaging in "consultation".

After final release on October 29, 2009, the defendants on December 1, 2009, referencing material was located in these referred documents which originated with the USAO. These agencies have been requested to process and correspond directly with Plaintiff regarding their documents. Id. n.4. Plaintiff complains that he "has not been provided with a Vaughn index or any inventory or accounting of

these referrals", so he has "no way of knowing what materials remained unaccounted for.

9). Rule 6(e) as Statute Under Exemption 3.

The scope of Rule 6(e) is relevant statute within the meaning of FOIA exemption 3. There are four exceptions to the general rule of secrecy enumerated in the rule. The first two, involving limited disclosure to government attorneys and other government personal, are cleary inapplicable. The remaining two permit disclosure pursuant only to a court order. The fourth permits disclosure to a criminal defendant for use in preparing a motion to dismiss an indictment. Rule(e)(3)(C)(ii). The only exception even arguably applicable to the present proceedings is that which permits disclosure in civil proceedings.

Grand Jury Fed.R.Crim.P. 6(e)(3)(C).

Plaintiff contends that the requested Grand Jury transcripts should be disclosure pursuant to Federal Rule of Criminal Procedure 6(e)(3), which provides for the disclosre of Grand Jury stage, which would provide support for his contention that his criminal conviction was based upon false evidence contrived by the government.

Moreover, the Fed.R.Crim.P. 6(e)(3)(C) was not strong enough to resist the force of the U.S. Constitution Amendments. Exemption 3, U.S.C. §552(b)(3) permits an agency to withhold information "specifically exemptedfrom disclosure by statute." The Government contended that the documents were exempted from disclosre under Rule 6(e) of the Fed.R.Crim.P. Rule 6(e) prohibits, with exceptions, the disclosre of matters "occuring before the grand jury," in violation of the

Fifth Amendment.

(A). The most valuable function of the Grand Jury is not only to examine into the commission of crimes, but to stand between the prosecutor and the Plaintiff.

(B). In Plaintiff's request to obtain certain information, dates for Grand Jury records unexplained and the date of the preliminary witness interviews, are not exempt from disclosure. Because dates on which prosecutors interviewed, either as part of a screening process in advance or the actual Grand Jury testimony, do not inherently reveal secret matters occuring before a Grand Jury.

(C). Plaintiff request no names but dates the federal Grand Jury convened, and for the superceding indictment date. Also for the dates that witness statements were given, or indications that he or she signed the statements, under penalty of perjury, "sworn declaration" or "unsworn declaration". Also, dates for public voucher, witness voucher, and the request for the advance of funds.

(D). [FOIA]- exempt information loses it protection if it was previously "disclosed and preserved in a permanent record." Cittone v. Reno, 193 F.3d 550, 553-54, 338 U.S. App. D.C. 270 (D.C. Cir. 1999). Unless the government can demostrate that disclosure of the date of a particular preliminary interview would tend to reveal the inner workings of the Grand Jury investigation, that date is not exempt from disclosure under the FOIA's third exemption. Exemption 3 is not exempt the dates the Grand jury issued its indictments. See Lopez v. Dept. of Justice, 393 F. 3d 1345, 346 U.S. 274 (2005 U.S. App.). Lazaridis v. Dept. of Justice, 766 F. Supp. 2d 134 February 24, 2011.

USCA Case #18-5132    Document #1742415    Filed: 07/23/2018    Page 8 of 26

(E). "Grand Jury exhibits, reveal information discussed before before the Grand Jury, and were created for the purpose of the investigation at issue." While this may be true,"[t]here is no per se rule against disclosure of any and all information which has reached the grand Juey chambers." <u>Senate of the Commonwealth of Puerto Rico v. U.S. Dept. of Justice</u>, 262 U.S. App. D.C. 166, 823 F.2d 574, 582 (D.C. Cir. 1987).

(F). For Rule 6(e) to be applicable, "the touchstone is whether disclosure would tend to reveal some secret aspect of the Grand Jury's investigation.

(G). Rule 6(e) as a Statute under Exemption 3. The scope of Rule 6(e) is a relevant statute within the meaning of FOIA Exemption 3. There are four exemptions to the general rule of secrecy enumerated in a rule. The first two, involving limited disclosure to government attorneys and other goverment personal, are clearly inapplicable. The remaining two permit disclosure to a criminal defendant for use in preparing a motion to dismiss an indictment. Rule 6(e)(3)(C)(ii). The only exemption even arguably applicable to the present proceeding. Fed.R.Crim.P. 6(e) does not draw a veil of secrecy over all matters occuring in the world that happen to be investigated by a grand jury. Instead, the "touchstone" is whether the information sought would reveal something about the grand jury's identity, investigation, or deliberation. The mere fact that information has been presented to the grand jury does not itself permit withholding.

USCA Case #18-5132    Document #1742415    Filed: 07/23/2018    Page 9 of 26

(E). "Grand Jury exhibits, reveal information discussed before before the Grand Jury, and were created for the purpose of the investigation at issue." While this may be true,"[t]here is no  per se rule against disclosure of any and all information which has reached the grand Juey chambers." Senate of the Commonwealth of Puerto Rico v. U.S. Dept. of Justice, 262 U.S. App. D.C. 166, 823 F.2d 574, 582 (D.C. Cir. 1987).

(F). For Rule 6(e) to be applicable, "the touchstone is whether disclosure would tend to reveal some secret aspect of the Grand Jury's investigation.

(G). Rule 6(e) as a Statute under Exemption 3. The scope of Rule 6(e) is a relevant statute within the meaning of FOIA Exemption 3. There are four exemptions to the general rule of secrecy enumerated in a rule. The first two, involving limited disclosure to government attorneys and other goverment personal, are clearly inapplicable. The remaining two permit disclosure to a criminal defendant for use in preparing a motion to dismiss an indictment. Rule 6(e)(3)(C)(ii). The only exemption even arguably applicable to the present proceeding. Fed.R.Crim.P. 6(e) does not draw a veil of secrecy over all matters occuring in the world that happen to be investigated by a grand jury. Instead, the "touchstone" is whether the information sought would reveal something about the grand jury's identity, investigation, or deliberation. The mere fact that information has been presented to the grand jury does not itself permit withholding.

USCA Case #18-5132    Document #1742415    Filed: 07/23/2018    Page 10 of 26

10). The Plaintiff challenges the denial of access of records. FOIA EXEMPTION 6, 5 U.S.C. §552(b)(6).

Which protects personal and medical files and similar files, some other information currently protected by regulation No. 1 Payment to individual in advance of funds make available, by the Treasury Department for the Government Program Project Exile. The Plaintiff is not requesting any medical records.

11). The Defendant's withheld the Name of the Investigatory.

The defendants under exemption 6 and 7(c) of the FOIA, U.S.C. §§552(b)(6) and 552(b)(7)(C), the Defendants could not withold the names of Agent Jay D. Seacrist who conducted Investigatory, ATF Task Force. Receiving public vouchers and rewards. It was this agent that transferred this case from state custody to federal custody. Because there was no showing that disclosure of his name could be reasonably expected to result in unwarranted invasion of personal privacy. United Am. Potter, (2009, D.C. Dist.) 667 F. Supp. 2d 49

12). Segregability Issue before the District Court.

The DEA, USOA, and the ATF had determined to withhold requested information. The agencies have the burden of showing that a statutory exemption applies. Id. Moreover, any reasonably segregable portion of a record must be made available to the person requesting the record. 5 U.S.C. §552(b). If the District Court's conclusion that withholding of information is lawful under FOIA in the face of possible redaction, the district court must make specific findings of segregability regarding the documents to be withheld.

13). Defendants failed to have a correct Vaughn Index.

Plaintiff moves to compel defendants to serve an unredacted index, with dates and names of investigators. Plaintiff complained specifically that, "the Index fails to include the date of each document provided". Defendants failed to ecplain why the date of the reports of investigation should be deleted. Plaintiff asked that defendants be directed to provide a more detailed Index. Plaintiff request specifically the exemption claimed to the deletion of the dates and names (including the names of the investigators) in each document.

(A). Plaintiff is requesting an unredacted copy of the Vaughn Index. The review of the FOIA cases "is made difficult by the fact that the "ATF" Document Cover Sheet: Exemption List and Appeal Rights Number 6, states total number of documents denied, all show zero. (See Echibit E). The Petitioner seeking disclosure does not know the contents of the information sought and is, therefore, helpless to contridict the government's description of the information or effectively assist the trial judge in order to "transform a potentially ineffective inquisitorial proceeding against an agency that controls information into a meaningful adversarial process", Plaintiff requesting the reviewing Court to order the government to prepare a particularized discription of how each document withheld falls within the statutory exemption.

14). Plaintiff challenges the assertion of 5 U.S.C. §552(b)(7)(C), Exemption 7(c), and the agencies' desicion to withhold records under this exemption.

The purpose of the FOIA is to protect "the citizens' right to be informed about what their government is up to". United States Dept.

USCA Case #18-5132     Document #1742415     Filed: 07/23/2018     Page 12 of 26

of Justice v. reports Comm. for Freedom of the Pres, 749, 772, 109
S.Ct. 1468, 103 L.Ed 2d 774 (1989), exposing improper conduct by
agency officials in the interest that comports with the purpose of
FOIA.

### 14a) LEGAL ANALYSIS

When Congress enacted the FOIA, it sought "to open agency action
to the light of the public scrutiny". Dept of Air Force v. Rose, 425
U.S. 352, 361, 96 S.Ct. 1592, 48 L.Ed. 2d 11 (1976)(citation ommitted.
The basic purpose of the Act was to reflect "a general philosphy of
full agency disclosure", but rather serves to "shed light on the
agency's performance of its statutory duties". U.S. Dept of Justice
v. Reporters Comm. for Freedom of the Pres. Exposing improper con-
duct by agency officials is an interest protected by Exemption 7(C)
and the public interest that comports with the purpose of FOIA.
"[W]here there is privacy interest protected by Exemption 7(C) and
the public interest being asserted is to show that responsible officials
acted negligently or otherwise improperly in the performance of their
duties".

As it relates to 5 U.S.C. §552(b)(7)(C), when reviewing an agency's
decision to withhold records under this exemption, the Court must
"weigh the public interest in the release of information against the
privacy interest nondisclosure". Shrecker v. Dept of Justice, 538 U.S.
App. D.C. 334, 349 F.3d 657, 661 (D.C. Cir. 2003)(citing Dept of Justice
v. Reporters Comm. for Freedom of the Press). The District of Columbia
Circuit has instructed that "the public interest in disclosure must

(12)

be evaluated in the light of FOIA's central purpose: to open agency action to the light of public scrutiny".

A). The record demostrates that there is genuine issue of material fact in dispute.

The Plaintiff express his concern regarding the implications that prosecutor, Ms Everhart, decided not to share this information, and withheld this information from Plaintiff and his lawyer, andrew M. Sachs, fatally undermining Plaintiff's Brady rights. See Skinner v. Swtizer, 131 S.CT. 1289, 1300, 179 L.Ed 233 (2011).

B). DIVISION OF FORENSIC SCIENCE, CERTIFICATE OF ANALYSIS, January 16, 2002.

Case No. 01-54178, FS Lab# T01-12924, evidence submitted by C.E. Payne. Boxes of Winchester, 45 auto cartridge items 2A-2H. Results: Two (2) latent fingerprints of value for identification purposes were developed as follows:

Item 2A- Plasic insert- One (1) latent fingerprint.
                         One (1) latent fingerprint.
**Item 2B-** Plastic insert-
Page 2: Leland W. Kennedy, forensic Scientist. (See Exhibit "1A").

See page 207 of FOIA packet received by Plaintiff from ATF.

C). DIVISION OF FORENSIC SCIENCE, CERTIFICATE OF ANALYSIS, May 7, 2002.

Evidence submitted by [b2/7c Exemption].

Item 4: Photocopies and fingerprints & palm prints..

Results: One (1) latent fingerprint of value for indentification purposes remained unidentified as previously reported in this case.

[Exemption b2/7c]

Forensic Scientist

See Exhibit "2A".

(13)

USCA Case #18-5132      Document #1742415      Filed: 07/23/2018      Page 14 of 26

D). REPORT OF INVESTIGATION

Page 1 of 1, Report number 2

Description of activity: attempt to fingerprint Rodney Reep. On May 9, 2002, Task Force Agent Jay D. Seacrist, See Exhibit "3A".

E). REPORT OF INVESTIGATION "DEA" Page 1 of 4.

File No. CW-00-0038, Prepared date: 10/31/02, DEA form 6. The DEA conducted a trash-pull where agents remove trashcans from the property themselves without a warrent on August 22, 2002 and October 31, 2002. All information on the trash-pull is available on report of Investigation. See Exhibit "4A".

F). TRIAL EXHIBIT LIST

Criminal number 2:02-CR-217, in the United States District Court for the Eastern District of Virginia, Norfolk Division, Exhibit 10 is listed as "Photos from 10/31/02 trash-pull". There are five (5) photos, listed as 10(A_E). These photos were in Plaintiff's possession, located on top of a china cabinet during a trash-pull, as USOA alledges. See Exhibit "5A".

G). USA MS. EVERHART CHANGED THE AMMUNITION COUNT TO A FIREARM CHARGE.

See transcripts of arraigment proceedings of March 19, 2003, See Exhibit "6A".

H). FIREARM TECHNOLOGY BRANCH REPORT OF TECHINICAL EXAMINIATION DATED MARCH 24, 2003, AND EVIDENCE TRANSMITTAL FORM DATED MARCH 4, 2003.

See Exhibit "7A". See Transcripts of Arraigment of March 19, 2003, Page 10 at Line 13, Felon in Possession of a Firearm; Page 10 at Line 20:

Mr Sacks:"Your Honor, that firearm charge (Page 10 Line 24)-"

USCA Case #18-5132      Document #1742415      Filed: 07/23/2018      Page 15 of 26

Mr Sacks: "Your Honor, that firearm charge (Page 10 Line 24)-"

The Court: "Felon in Possession of a firearm, Count 29."

At page 11, line 19, Ms. everhart does not speak of ammunition as opposed to a firearm. Page 11 at line 25, the Court does not contain a referance to Count 29.

I). TRANSCRIPTS OF CLOSING ARGUMENT, July 17, 2003.

At page 24, line 24 Ms. Everhart stated "also being a felon in possession of a firearm." See Exhibit "8A".

15). Plaintiff challenges the exemption 5 U.S.C. §552(a)(J)(2) that the Justice department regulation promulgated pursuant to the government program "Project Exile".

Project Exile is widely publicized on television, radio, billboards and buses. A professional advertising agency is paid with private funds donated by the "Project Exile Citizens Support Foundation". However, accepting these relatively insignificant items, federal taxpayers pay for every Project Exile prosecution. In the enforcement process, a scheme injecting a personal interest, financial or otherwise, into the enforcement process may bring irrelevant or impermissible factors into the prosecutorial decision.

Disclosure would serve the strong public interest in the accountability of government programs, revealing how public funds are spent. See Exhibit 1-3. "9A".

16). Plaintiff challenged this claim, arguing that Exemption 7(C) does not protect the privacy of people who are deceased.

The DEA and the FBI didn't apply to the decease rules of information. I didn't receive the report of Investigation, file no. GE-00-0038 and prepared date: 12/12/02. Report of Investigation. File

USCA Case #18-5132 Document #1742415 Filed: 07/23/2018 Page 16 of 26

deceased by definition cannot personally suffer privacy-related injur-
ies that may plague the living. I didn't receive the report of the
deceased, Karl Moore Jr. DEA and FBI Report of Investigation, File
No. GW-00-0038, prepared date: 8/27/02, 10/31/02, 12/12/02 and
01/06/03.

> 17). Defendants have not met its obligation under FOIA. That
> there is genuine issues of material fact are in dispute.

> 10a). Petitioner received a letter from Office of Information
> Policy.

Dated April 26, 20111. Appeal No. AP-2011-00217, Request No.
10-1142 KWC: AEC. You appealed from the action of the Bureau of Al-
cohol, Tobacco, Firearms and Explosives (ATF) on your request for
access to records pertaining to yourself. I note that you specified
the case numbers 768025-02-0042 and 768025-03-0042.

With regard to your question about the research for records
pertaining to case number 768025-03-0042, as a result of discussions
between ATF personal and a member of my staff, I have determined
that ATF's response was correct. The case you provided is not an
**Identifier for you. If you are** dissatisfied with my action on your
**appeal, you may file** a lawsuit in accordance with 5 U.S.C.(a)(4)(B).
See Exhibit (EE).

> 17(b). Petitioner filed a letter going to the Office of Infor-
> Policy. October 10, 2010. Reference No. 10-1141:JMP

This appeal concen ATF Records with **reference** to the above
stated reference numnber: 10-1142:JMP. The correct case number is:
"768025-02-0042" and "768025-03-0042". These correct numbers which
I requested is to be searched for information, pertaining to myself.

(16)

USCA Case #18-5132     Document #1742415     Filed: 07/23/2018     Page 17 of 26

The numbers they claim don't belong to me are documented on two sheets: Department of Treasury, Request for Advance Funds. See Exhibit "F".

Plaintiff is not barred by statute of limitations. The Plaintiff is expected to present in one suit all the claims for relief that may have arised out of the same transaction or occurance. U.S. Indus. Inc. v. Blake Const. Co., Inc. 246 U.S. App. D.C. 326, 765 F.2d 195, 205 (D.C. Cir. 1985).

On March 7, 2009, Petitioner initiated a Freedom of Information Act request to the DEA, pursuant to title 5 of the United States Code §552(a).

On May 4, 2009, I received a letter from the "DEA" Administration stating "This letter responds to your Freedom of Information/Privacy Act (FOIA/PA) request dated March 7, 2009 received by the Drug Enforcement Administration (DEA). Your request has been opened and assigned case number 09-0650-P.

On October 15, 2009, I sent another letter to DEA headquarters, stating "Now it has been over (150) days since I first requested this information.

On June 21, 2010, @nd request for Freedom of Information Act pursuant to Title 5 U.S.C. §552. This is my second request.

On July 20, 2010, letter from "DEA" RE: 10-00888-P stating, "This letter responds to your Freedom of Information/Privacy Act (FOI/PA) request dated June 21, 2010, received by the Drug Enformcement Administration (DEA).

On May 6, 2011, received letter from "DEA" RE: Case No. 10-00888-P previous DEA Case No. 09-0650-P, stating "This letter responds to your

Freedom of Information/Privacy Act (LOI/PA) request dated June 21, 2010, addressed to the Drug Enforcement Administration (DEA), Freedom of Information/Privacy Act Unit (SARF), seeking access to information regarding the above subject.

On <u>March 9, 2009</u>, the Petitioner initiated a Freedom of Information Act request to the "FBI", pursuant to Title 5 of the United States Code §552(a). This was the last correspondence with the FBI.

On <u>September 28, 2010</u>, letter from the Office of Information Policy RE: App. No. 2010-2181: RE No. 1128002/ADW:KRP, stating,"You appealed from the action of the Federal Bureau of Investigation on your remanded request for access to records pertaining to yourself. Please be advised that I have interpreted your letter dated May 17, 2010, as limiting your appeal to the adequacy of the FBI search. On <u>March 9, 2009</u>, Petitioner initiated a Freedom of Information Act request to the USAO, pursuant to Title 5 of the United States Code §552(a).

On <u>April 20, 2010</u>, Response From Office of Professional Responsibility RE: C10-00008 stating, "This is in response to your February 23, 2010 correspondence to this Office but concerning the Executive Office for the United States Attorneys and your Freedom of Information Act (FOIA) appeal. We received your correspondence on March 9, 2010. It has been assigned reference number C10-00008. Please refer to that number in any correspondence to this Office pertaining to this matter.

Your FOIA appeal is being handled by the Office of Information Policy (OIP). Accordingly, we are referring your correspondence to

(18)

USCA Case #18-5132    Document #1742415    Filed: 07/23/2018    Page 19 of 26

wish to contact us again, please refer to Case No. 10-0166 and we will reopen your case.

FOIA's purpose to encourage administrative appeal resolution of request requires that you exhaust administrative remedies.

A claim for relief the Plaintiff cannot receive monetary damages but it can be awarded damages for attorney fees and filing cost. 5 U.S.C. §702.

The government is using 28 U.S.C. § 2401(a) to claim that Plaintiff passed the six (6) year statute of limitation. But 2401(a) is inapplicable to FOIA.

The Plaintiff refiled his request June 2010, and this in itself restart the process.

I sent my Freedom of Information complaint seeking disclosure to the District Court of Columbia on May 20, 2016, which they received on May 23, 2016.
Exhibits of documents is already registered with the Courts.

## CONCLUSION

Plaintiff is not barred by the by the statute of limitation Defendants have not met its obligation under FOIA. The Plaintiff is requesting the Court to grant summary judgment in his favor.

I declare under the penalty that the foregoing is true and correct to the best of my knowledge.

Executed on July 18, 2018.

Respectfully Submitted

Rodney Reep

Rodney Reep
#53762-083
FCI Schuylkill
P.O. Box 759
Minersville, PA 17954

USCA Case #18-5132    Document #1742415    Filed: 07/23/2018    Page 20 of 26

<u>CERTIFICATE OF SERVICE</u>

I, Rodney Reep, under the penalty of perjury, hereby certify that on this 18th day of July, 2018, I placed an envelope containing the original and four (4) copies of the proceeding documents in the control of prison authorities by dispositing the envelope in the institution mailbox designated for all outgoing legal mail, addressed to the following:

United States Court of Appeal
District of Columbia Circuit
333 Constitution Avenue, NW
Washington, DC 20001-2866

U.S. Department of Justice
United States Attoney, District of Columbia
Judiciary Center
555 Fourth Street, N.W.
Washington, DC 20001

Therefore, in accordance with the federal rule governing filing procedures and the "mailbox rules" established in <u>Houston v. Lack</u>, 487 U.S. 266 (1988), the foregoing documents are deemed "filed" for the purpose of this action.

Respectfully Submitted,

*Rodney Reep*
Rodney Reep

# Locked up but INNOCENT?

## A USA TODAY Investigation



By Sam Ward, USA TODAY

## Terrell McCullum, right, didn't commit a federal crime by having a gun, but the government says he must stay in jail anyway



**McCullum:** Serving time in Virginia.

By Brad Heath
USA TODAY

ELIZABETHTOWN, N.C. — Terrell McCullum did not commit a federal crime by carrying a shotgun and a rifle out of his ex-girlfriend's house.

But he is serving a federal prison sentence for it. And the fact that everyone — including the U.S. Justice Department — agrees that he is legally innocent might not be enough to set him free.

A USA TODAY investigation, based on

court records and interviews with government officials and attorneys, found more than 60 men who went to prison for violating federal gun possession laws, even though courts have since determined that it was not a federal crime for them to have a gun.

Many of them don't even know they're innocent.

The legal issues underlying their situation are complicated, and are unique to North Carolina. But the bottom line is that each of them went to prison for breaking a law that makes it a federal crime for convicted felons to possess a gun. The problem is that none of them had criminal records serious enough to make them felons under federal law.

Still, the Justice Department has not attempted to identify the men, has made no effort to notify them, and, in a few cases in which the men have come forward on their

**COVER STORY**

Please see **COVER STORY**

UNITED STATES COURT OF APPEALS
DISTRICT OF COLUMBIA CIRCUIT

TABLE OF CONTENTS OF EXHIBITS

| Ex. # | Exhibit Title/Description | Notes |
|-------|--------------------------|-------|
| (1) | USA TODAY NEW PAPER | |
| (2) | TABLE OF CONTENTS | |
| (3) | CERTIFICATE OF MAILING | |

USCA Case #18-5132    Document #1742415    Filed: 07/23/2018    Page 23 of 26

III

## STATEMENT OF ISSUES TO BE RAISED

1).   FOIA complaint against FBI, DEA, and EOUSA is not barred by by the Statute of Limitation.

2).   National Archives and Records Administration/Mediator Service.

3).   The Defendant failed to keep an accurate accounting of documents

4).   Plaintiff asserts that jurisdiction is conferred on this Court by U.S.C. §§ 701-706 (Administrative Procedure Act).

5).   Plaintiff argues that the Defendant's search were inadequate.

6).   Defendant withheld requesting information pertaining to dates.

7).   Defendant exemption under 552(b)(7)(D) must establish that the particular source spoke with understanding that the communication would remain confidential.

8).   Defendant referred documents to other agencies.

9).   Plaintiff challenges the denial of access of Rule 6(e)(3)(c) (ii) as a Statute Under Exemption 3.

10).  The Plaintiff challenges the denial of access of records. FOIA Exemption 6, 5 U.S.C. §552(b)(6).

11).  The Defendant's witheld the Name of Investigatory 552(b)(7)(c).

12).  Segregability Issue with-holding information, portion of record should have been redacted.

13).  Defendants failed to have a correct Vaughn Index.

14).  Plaintiff challenges the assertion of 5 U.S.C. §552(b)(7)(C). Exemption 7(c), and the agencies' decision to withhold records under this exemption.

15).  Plaintiff challenges the exemption 5 U.S.C. §552(a)(J)(2) that the Justice department regulation promulgated pursuant to the government program "Project Exile."

16). Plaintiff challenged this claim, arguing that Exemption 7(c) does not protect the privacy of people who are Deceased.

17). The record demostrates that there is a genuine issue of material fact in dispute.

Dated: July 18 2018

Respectfully Submitted,

Rodney Reep

